IDELLE HOLMAN ET AL., APPELLEES, V. C. LAWRENCE STULL, APPELLANT.

FILED APRIL 30, 1936. No. 29624.

*S. L. Winters,* for appellant.

*J. A. Capwell, contra.*

Heard before GOOD, PAINE and CARTER, JJ., and CLEMENTS and THOMSEN, District Judges.

GOOD, J.

This is an appeal from an order of the district court for Cass county, refusing to set aside and vacate a judgment in favor of plaintiffs and against defendant.

The record discloses the following pertinent facts: In December, 1933, plaintiffs filed action against defendant for money deposited with defendant as security for a lease and for work and labor. In November, 1934, plaintiffs filed an amended petition, claiming a larger amount due them. Defendant employed counsel who prepared and filed an answer and cross-petition on the 15th day of April, 1935, but without verification. It was agreed between counsel for defendant and plaintiffs that the answer and cross-petition might be verified at the time of trial. To this answer and cross-petition plaintiffs filed an answer and reply on the 16th day of April, 1935. Apparently, the term of court opened on the 15th day of April. Some time previous thereto there had been a call of cases and the instant case was set down for trial on the 16th of April. Counsel for defendant, on the morning of the 15th of April, visited defendant at his farm, two and one-half miles from the county seat, and informed him that the case would be for trial either in the afternoon of the 16th or the morning of the 17th of April, and requested defendant to come to the county seat. Defendant told his counsel that he was busy and would not attend at

that time. He now claims that he further told his counsel that he had a large number of cattle and horses which had escaped from the pasture and were on a rifle range where rifle practice was being carried on, and that it was necessary for him to get his cattle and horses therefrom in order to keep them from being shot and destroyed.

The cause was regularly reached for trial on the morning of April 17. Counsel for defendant was present and informed the court that he had requested the attendance of his client, but that his client had said he was too busy and could not come in. Counsel then asked leave to withdraw his appearance as counsel, which was granted, and he departed from the courtroom. Thereafter counsel for plaintiffs asked and obtained leave of court to withdraw his reply to defendant's answer and cross-petition, and then moved to strike the answer and cross-petition from the files because it was not verified. This motion was sustained. Thereupon plaintiffs waived a jury; trial was had to the court; witnesses were called and examined, and judgment was entered for plaintiffs. Counsel for defendant did not notify defendant of his withdrawal from the cause, and did not know until some ten days later that a judgment had been taken against his former client.

About ten days after judgment was entered, defendant visited his former counsel and ascertained from him and the clerk of the court that judgment had been entered against him and that his counsel, with consent of the court, had withdrawn from the cause. Defendant then employed other counsel and filed a verified motion to vacate and set aside the judgment, in which he asked to be permitted to verify and file his answer and cross-petition and have a trial of the issues presented by such pleadings. On this application affidavits were introduced and oral evidence taken. After the hearing the court refused to vacate the judgment. The application was made at the same term of court, but more than three days after judgment.

It is conceded by defendant that the application for vacation of the judgment was addressed to the sound discretion

of the trial court, and that, unless there was an abuse of discretion, the judgment should be affirmed. However, it is strenuously contended that the trial court abused its discretion. Upon the hearing, the oral evidence of defendant's former counsel was taken. He testified, in substance, that early in the morning of the 15th of April he visited defendant at his farm, informing him that the case would be called for trial either on the afternoon of the 16th or the morning of the 17th of April, and requested defendant's attendance; that defendant informed him that he was too busy and would not come in, but did not tell him what his business was or that there was any emergency which required his being away from court. Defendant, himself, testified that the reason he could not come in was because of the necessity he was under in looking after his cattle, to prevent them from being killed on the rifle range, and that he had so informed his counsel. In this respect the evidence is in conflict. Other witnesses, by affidavit, showed that defendant, on the day of the trial, the 17th, was seen at his home hauling hay and was not looking after his live stock. The affidavit of another witness was that on the 17th of April he called at the home of defendant and did not find him there, and was informed by members of his family that he was away looking after his cattle on the rifle range. Another person, who had charge of the rifle range, testified by affidavit that on the 5th of April he had taken up 11 of defendant's horses and impounded them because they were on the rifle range, and that he had so notified defendant's son, but that defendant did not come for these horses until the 19th of April, two days after the trial of this cause. There is sufficient evidence from which the court could find, and did find, that the defendant, without just reason and contumaciously refused to attend the trial of his cause when it was regularly set down for trial.

It is contended that the court committed prejudicial error in not continuing the case after defendant's counsel had withdrawn; that plaintiffs had waived the want of verification to defendant's answer and cross-petition by filing a

reply thereto, and that it was error, for that reason, to strike the answer and cross-petition from the files.

It may be conceded that it was error for the court to strike the answer and cross-petition from the files, under the circumstances. However, unless that error was prejudicial, it can avail the defendant naught. The evidence taken at the trial upon the petition is in the bill of exceptions and is ample to sustain the judgment entered. If the answer had not been stricken, the result would no doubt have been the same. Therefore, it seems that defendant was not prejudiced by the striking of his answer and cross-petition from the files. A judgment will not be reversed for harmless error. If defendant had been prejudiced in any wise, it was because of his own wilful act in refusing to attend court at the time his cause was set for hearing, of which he had due notice. Courts are not required to wait on the pleasure or whim of litigants. It is the duty of litigants, unless unavoidably prevented, to attend court at the time their causes are set for hearing. There is ample evidence that would justify the court's finding that the defendant wilfully and without just cause absented himself from court when he should have been present. Defendant may not complain of any injury he has sustained by reason of his own negligence and want of care.

It is also contended that it was error to enter judgment for more than was indorsed upon the original summons, but that question was not raised in the motion for a new trial and was not passed upon by the trial court. It is therefore not before us for consideration.

From a careful scrutiny of the entire record, we fail to find any abuse of discretion by the trial court that was prejudicial to defendant. Judgment

AFFIRMED.